IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRETT RAYMOND BELANGER,<br><br>  Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, NELNET SERVICING, LLC,<br><br>  Defendant. | Case No.: 3:25-cv-861<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Brett Raymond Belanger ("Plaintiff"), by and through the undersigned counsel, brings this action on an individual basis, against Experian Information Solutions, Inc. ("Experian"); Trans Union LLC ("Trans Union") (collectively, the "CRA Defendants"); and Nelnet Servicing, LLC. ("Nelnet") and states as follows:

## INTRODUCTION

1. This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## PARTIES

2. Plaintiff Brett Raymond Belanger ("Plaintiff") resides in Chippewa Falls, Wisconsin, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

3. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that maintains its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Experian can be served through its registered agent, C T Corporation System, at 330 North Brand Boulevard, Glendale, California 91203.

1

4. Defendant Trans Union LLC ("Trans Union") is a consumer reporting agency that maintains its principal place of business at 555 West Adams Street, Chicago, Illinois 60661. Trans Union can be served through its registered agent, Illinois Corporation Service Company, at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

5. Defendant Nelnet Servicing, LLC. ("Nelnet") is a student loan provider with its principal place of business located at 121 South 13th Street, Suite 100, Lincoln, Nebraska 68508. Nelnet can be served through its registered agent C T Corporation System, located at 5601 South 59th Street, Lincoln, NE 68516.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

## FACTS

### Defendants' Inaccurate Reporting

8. In 2022, the Federal Student Aid (FSA) informed Plaintiff that the student loans he obtained to attend The Art Institutes would be eligible for discharge. To process the discharge, FSA instructed Plaintiff to first consolidate his existing student loans.

9. On February 25, 2022, Plaintiff submitted his student loan consolidation application. Plaintiff's loans were successfully consolidated on March 24, 2022.

10. Following the consolidation, FSA informed Plaintiff his loans would be discharged and that no payments were required, as the consolidated account had been placed in forbearance pending completion of the discharge process.

11. In or around November 2024, Plaintiff discovered that his Experian and Trans Union credit reports were inaccurately reporting his consolidated student loan account, identified

as DEPT OF EDUCATION/NELNET, with a balance of $87,211.

12. These reports were inaccurate because several of Plaintiff's underlying student loans had already been discharged, leaving an actual remaining balance of only $10,016.

13. On January 8, 2025, Plaintiff received a letter from FSA that the discharge process for his loans was still incomplete and advising him to make no payments while awaiting final resolution.

14. Worried that Defendants were continuing to inaccurately report his student loan account, Plaintiff requested copies of his credit reports to verify the information being furnished. Upon review, Plaintiff confirmed that the following account continued to be inaccurately reported:

   a.   Account Name: DEPT OF EDUCATION/NELNET
        Account Number: 900000XXXXXXXXX
        Balance: $87,211
        Date Opened: March 24, 2022
        Account Type: Education

### Plaintiff's Disputes to Experian and Trans Union

15. On or about June 23, 2025, extremely shocked, surprised, and embarrassed at Defendants' inaccurate reporting, Plaintiff disputed the inaccurate balance of his student loan account with Defendant Nelnet with each of the CRA Defendants.

16. Plaintiff explained that his federal student loans were subject to discharge and that the remaining balance on his account should be $10,016. However, the CRA Defendants continued to report the account with a balance of $87,211, despite the correct balance being $10,016.

17. Plaintiff requested that Experian, and Trans Union reinvestigate the disputed information, correct the reporting, and for each to send him a corrected copy of his credit report.

### Defendant Experian's Unreasonable Dispute Reinvestigation

18. On or about June 30, 2025, Defendant Experian received Plaintiff's dispute.

3

19. Upon information and belief, Experian sent Defendant Nelnet an automated credit dispute verification ("ACDV") pursuant to Plaintiff's June 2025 dispute to Experian.

20. Upon information and belief, Defendant Experian failed to adequately review all of the information provided to it by Plaintiff in support of Plaintiff's dispute.

21. On July 22, 2025, Experian sent a formal dispute response to Plaintiff, along with an updated credit report.

22. Experian verified the disputed information as accurate and continued to report the DEPT OF EDUCATION/NELNET account with a balance of $87,211.

23. Defendant Experian failed to conduct a reasonable reinvestigation of Plaintiff's June 2025 dispute.

24. Thereafter, Defendant Experian failed to correct or delete the inaccurate information appearing in Plaintiff's credit file.

25. Experian failed to conduct a reasonable reinvestigation of Plaintiff's dispute tendered June 2025, or any reinvestigation whatsoever, to determine whether the disputed information is inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**Defendant Tran Union's Unreasonable Dispute Reinvestigation**

26. On or about June 28, 2025, Defendant Trans Union received Plaintiff's dispute.

27. Upon information and belief, Trans Union sent Defendant Nelnet an automated credit dispute verification ("ACDV") pursuant to Plaintiff's June 2025 dispute to Trans Union.

28. Upon information and belief, Defendant Trans Union failed to adequately review all of the information provided to it by Plaintiff in support of Plaintiff's dispute.

29. On July 9, 2025, Trans Union issued a formal dispute response to Plaintiff, stating

4

that it had verified the disputed information as accurate.

30. Despite Plaintiff's submission of supporting documentation, Trans Union continued to report the DEPT OF EDUCATION/NELNET account with a balance of $87,211.

31. Defendant Trans Union failed to conduct a reasonable reinvestigation of Plaintiff's June 2025 dispute.

32. Thereafter, Defendant Trans Union failed to correct or delete the inaccurate information appearing in Plaintiff's credit file.

33. Trans Union failed to conduct a reasonable reinvestigation of Plaintiff's dispute tendered June 2025, or any reinvestigation whatsoever, to determine whether the disputed information is inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

**Plaintiff's Damages**

34. On July 31, 2025, Plaintiff applied for a mortgage with Royal Credit Union but was denied based on the credit reports furnished by the CRA Defendants.

35. On August 16, 2025, Plaintiff applied for a credit line with Rogers & Hollands Jewelers and was conditionally approved; however, the lender required a down payment of approximately $3,000 to open the account due to the negative information appearing on Plaintiff's credit reports. As a result, Plaintiff declined to proceed with the credit line.

36. The inaccurate reporting of an inflated balance by Defendant Nelnet, as published by the Credit Reporting Agency Defendants, has directly and adversely affected Plaintiff's creditworthiness and ability to obtain credit.

37. Plaintiff has suffered significant emotional distress, frustration, and embarrassment as a result of Defendants' actions. He has spent countless hours communicating with his loan

providers, credit bureaus, and legal counsel, as well as gathering documentation to prove the correct balance owed. Despite these efforts, the inaccuracies remain unresolved.

38. Due to the continuing false reporting, Plaintiff has been forced to postpone efforts to secure a home loan. The situation has caused substantial emotional and mental strain, particularly as Plaintiff and his wife recently welcomed their second child, compounding the stress and uncertainty surrounding their financial stability.

39. As a result of Defendants' conduct, action, and inaction, Plaintiff suffered damage by loss of credit; loss of ability to purchase and benefit from his credit rating; detriment to his credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

40. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

41. At all times pertinent hereto, the conduct of Defendants, as well as that of their respective agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

42. As a standard practice, the CRA Defendants do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the credit furnisher despite numerous court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230-31 (D.N.M. 2006); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047,

at *6 (S.D.N.Y. Nov. 19, 2008).

43. Defendants are aware of the shortcomings of their procedures and intentionally choose not to comply with the FCRA to lower their costs. Accordingly, Defendants' violations of the FCRA were willful.

## COUNT I
## 15 U.S.C. § 1681e(b)
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

44. Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

45. CRA Defendants violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

46. CRA Defendants' conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

47. Plaintiff is entitled to recover attorneys' fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II
## 15 U.S.C. § 1681i
**Failure to Perform a Reasonable Reinvestigation**

48. Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

49. CRA Defendants violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigation(s) of Plaintiff's dispute(s) after Plaintiff notified them that, the balance reported in Plaintiff's credit file was inaccurate. Despite Plaintiff's notice and supporting documentation

showing that the correct balance was $10,016, the Experian continued to report the account with a balance of $87,211. Experian failed to maintain reasonable procedures to investigate Plaintiff's dispute(s).

50. CRA Defendants' conduct, actions, and inactions was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Experian was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

51. Plaintiff is entitled to recover attorneys' fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III
## 15 U.S.C. § 1681s-2(b)
## Failure to Conduct Investigate and Correct Reporting

52. Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

53. Defendant Nelnet violated 15 U.S.C. § 1681s-2(b) by failing to investigate Plaintiff's dispute(s), or otherwise by failing to fully and properly investigate Plaintiff's dispute(s); by failing to review all relevant information regarding the same; by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information relating to Plaintiff to CRAs; and by failing to cease furnishing inaccurate information relating to Plaintiff to CRAs, including but not necessarily limited to the CRA Defendants.

54. As a result of Nelnet's violations, Plaintiff suffered actual damages including but not necessarily limited to loss of credit; loss of ability to purchase and benefit from Plaintiff's credit rating; detriment to Plaintiff's credit rating; the expenditure of time and money disputing and trying to correct the inaccurate credit reporting; the expenditure of labor and effort disputing and trying to correct the inaccurate credit reporting; and emotional distress including mental and

emotional pain, anguish, humiliation, and other emotional harm cognizable under the FCRA.

55. Nelnet's violations were willful, rendering Nelnet liable for actual and/or statutory damages, as well as punitive damages in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n. Alternatively, these violations were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

56. Plaintiff is entitled to recover attorneys' fees and costs from Nelnet in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

i. Determining that each Defendant negligently and/or willfully violated the FCRA;

ii. Awarding against each Defendant actual, statutory, and punitive damages as provided by the FCRA;

iii. Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FCRA;

iv. Ordering each CRA Defendant to:

    a. immediately and permanently (i) delete all inaccurate information from Plaintiff's credit reports and files, and (ii) cease reporting the inaccurate information to any and all persons and entities to whom the CRA Defendants reported consumer credit information; and

    b. send updated and corrected credit report information to all persons and entities to whom the CRA Defendants reported inaccurate information about Plaintiff within the last three years; and

v. Granting further relief, in law or equity, as this Court may deem appropriate and just.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: October 20, 2025

                                           */s/ Yaear Weintroub*
                                           Yaear Weintroub NY Bar No. 6153431
                                           *Attorneys for Plaintiff*
                                           **CONSUMER ATTORNEYS, PLLC**
                                           68-29 Main Street
                                           Flushing NY 11367
                                           T: (718) 576-1863
                                           F: (718) 247-8020
                                           E: yweintroub@consumerattorneys.com